UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11026-GAO

FUZUO MEI,
Plaintiff,

v.

KENNETH T. CUCCINELLI in his capacity as Senior Official Performing the Duties of the Director of USCIS, CHAD F. WOLF in his capacity as the acting Secretary of the Department of Homeland Security, WILLIAM BARR in his official capacity as the Attorney General, and MICHAEL R. POMPEO in his official capacity as the Secretary of State,
Defendants.

OPINION AND ORDER
August 11, 2020

O'TOOLE, S.D.J.

The plaintiff seeks a writ of mandamus to compel the defendants to adjust the immigration status of Xuefang Ruan, Dawei Mei and Haowei Mei to legal permanent residence. The defendants have moved to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The plaintiff has named a number of federal officials as defendants.[1] However, because the Department of State is responsible for visa issuance, and the visa denials at issue in this case were by consular officials of the Department of State, Secretary Pompeo is the only proper defendant in this action, and the others named are dismissed as parties.

Plaintiff Fuzuo Mei was granted legal permanent resident status as the beneficiary of his sister's Petition for Alien Relative (Form I-130). He thereafter sought to have his wife, Xuefang

---

[1] Each of the defendant office holders has been automatically substituted for those originally named in accordance with Fed. R. Civ. P. 25(d).

Ruan, and his two sons, Dawei Mei and Haowei Mei, join him as his derivative beneficiaries. However, U.S. consular officers in China found all three family members to be ineligible for visas. The complaint specifies that Dawei's application was denied because he was found to have "aged out" of qualification for a derivative child visa, but it does not allege why Xuefang and Haowei's visa applications were denied. Fuzuo alleges that the improper denial of Xuefang's, Haowei's, and Dawei's visas implicate and infringe his own constitutional rights.

As an initial matter, the Court notes that because Xuefang, Haowei, and Dawei are unadmitted and non-resident aliens, they therefore do not themselves have "standing to seek either administrative or judicial review of the consular officer's decision to deny [them visas]." See Adams v. Baker, 909 F.2d 643, 647 n.3 (1st Cir. 1990). "[I]t is important to recognize that the only issue which may be addressed by this court is the possibility of impairment of [Fuzuo's] constitutional rights through the exclusion of [his family members]." Id. (citing Kleindienst v. Mandel, 408 U.S. 753, 762 (1972)). Xuefang, Haowei, and Dawei are therefore dismissed as improper parties.

Typically, a consular denial of a visa application is not reviewable by the judiciary. However, there is at least one narrow exception to the doctrine of consular nonreviewability that permits judicial review when the consular denial of a visa may impact the constitutional rights of a person within the United States. This exception permits the Court to review only whether or not the visa denial was done "on the basis of a facially legitimate and bona fide reason." See Kleindienst v. Mandel, 408 U.S. at 770; Chiang v. Skeirik, 582 F.3d 238, 242 (1st Cir. 2009); Am. Sociological Ass'n v. Chertoff, 588 F. Supp. 2d 166, 169 (D. Mass. 2008).

Fuzuo alleges that the improper denial of Dawei's visa violated his constitutional rights, though he fails to specify which of his substantive constitutional rights was infringed by that

action.[2] In any event, it is evident on the face of the complaint that the consular officer presented a facially legitimate and bona fide reason for denying Dawei's visa: that he had "aged out" of qualification for a derivative child visa. See 8 U.S.C. § 1153(h)(1)(A). Fuzuo's argument to the contrary lacks merit because this Court "does not have the authority or jurisdiction to go behind the facial reason [for denial] to determine whether it is accurate." Chiang, 582 F.3d at 238 (affirming dismissal of plaintiff's complaint because doctrine of consular nonreviewability precluded review of denial of fiancée visa where USCIS provided a facially legitimate and bona fide reason for the denial); see also ZigZag, LLC v. Kerry, No. CIV.A. 14-14118-DJC, 2015 WL 1061503, at *4 (D. Mass. Mar. 10, 2015) (allowing the defendant's motion to dismiss) ("allegations of procedural irregularities and errors of law are not sufficient to circumvent the doctrine of consular non-reviewability").

Fuzuo also asserts that Xuefang and Haowei's visas were denied improperly. Again, the complaint does not allege any further facts in support of this conclusory allegation. The complaint thus lacks factual allegations to state plausible claims with respect to Xuefang and Haowei. See Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.") (quoting SEC v. Tambone, 697 F.3d 435, 441 (1st Cir. 2010) (en banc)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In any event, those claims also are barred by the doctrine of consular non-reviewability.

Fuzuo's remaining claims merit only brief attention. First, his reliance on the Administrative Procedure Act as an avenue for judicial review of consular denial of a visa

---

[2] In his memorandum in opposition to the government's motion, but not in the complaint, he argues that the consulate's intentional failure to follow proper procedure violated his constitutional right to have his family united.

application is misplaced. See Chertoff, 588 F. Supp. 2d at 174. Finally, a writ of mandamus is not appropriate here. See In re City of Fall River, 470 F.3d 30, 32 (1st Cir. 2006) ("Mandamus is regarded as an extraordinary writ reserved for special situations. Among its ordinary preconditions are that the agency or official have acted (or failed to act) in disregard of a clear legal duty and that there be no adequate conventional means for review.")

For the aforementioned reasons, the defendants' Motion to Dismiss (dkt. no. 19) is GRANTED. This action is DISMISSED with prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge